# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed January 27, 1905.

ANGELICA B. DIDIER
VS.
HELEN B. DIDIER ET AL.

*Thomas Hughes* for plaintiff.

*Charles Morris Howard* and *Frank E. Welch, Jr.,* for defendants.

DENNIS, J.—

In Re. Exceptions to Evidence.—The exceptions to the testimony of Miss

Didier, in answer No. 59, p. 125, of the testimony, is sustained, because the same is altogether hearsay.

In Re. Exceptions to Auditor's Report.—This case will be sent back to the auditor to state an account according to the following directions:

1st. Miss Didier is to be credited with the *net* proceeds of "The Read," during the time it was in charge of Miss Didier; but she is not entitled to any credit for any part of Miss Didier's living expenses up to March, 1903.

2nd. Mrs. Didier is not to be allowed credit for the cash advanced by checks for Miss Didier's board after she left "The Read," up to March, 1903; after that date Mrs. Didier is entitled to credit for such advances.

3rd. Mrs. Didier is to be allowed credit for the amount of the Carpenter note. Under the circumstances under which the note was guaranteed by her with knowledge and agreement by all the parties that letters of administration were not to be taken out, I think they are now estopped from disputing its payment as a proper credit to her, however it might be if there were other creditors who made the issue.

4th. Mrs. Didier is entitled to a credit for the board of Chares Didier for the last year of his life, but not for a full year's board. Approximating it as best I may from the rather uncertain evidence, I think a credit of $225 fair and reasonable.

5th. I do not think the balance, if any, chargeable against Mrs. Didier, should be restricted in its payment to the proceeds of "The Read" or other property mentioned in the bond. In my opinion, the true construction of that instrument is an absolute obligation on her to pay the amount acknowledged to be due, together with a specific pledge of the revenues of "The Read" and the Calvert street property to be applied to its reduction. So that she could not divert the revenues from those properties to any other purpose; but if those properties should be destroyed by fire or be sold, her obligation to pay the amount of the debt would still continue unaffected by the failure to realize from the specifically pledged property. But there is nothing in the terms of the bond to restrict the right of the obligee to look *alone* to those properties for the payment of the obligation. I am of the opinion, therefore, that whatever balance may be found to be due by Mrs. Didier, should be a general charge against her, and not confined to the revenues from "The Read" or the Calvert street property.